<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4393**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH D. CLEMENT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-04-111)

———————

Submitted: December 22, 2005          Decided:  December 28, 2005

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph D. Clement pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of twenty-seven months imprisonment. Clement appeals his sentence, arguing that it was unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a)(2) (West 2000 & Supp. 2005). We affirm.

Clement was arrested after police in Beckley, West Virginia, went to his house following reports that drugs were being sold there. They found Clement seated on a couch with a bag of marijuana. A loaded rifle was beneath the couch. At his sentencing hearing, Clement did not challenge the calculation of the advisory guideline range, but presented mitigation evidence and requested a sentence of probation, home confinement, or a term below the guideline range of 27-33 months. The district court instead sentenced him at the bottom of the guideline range. On appeal, Clement contends that the sentence was unreasonable because he obtained the firearm after he received threats to his family, he had a steady job, and he had joint custody of his two daughters.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we will affirm a sentence if it is within the statutory range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). On the

- 2 -

record before us, we cannot conclude that the sentence imposed by the district court was unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>